WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Keith Perkins,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Leslie A Jones, et al.,<br><br>　　　　　　Defendants. | No. CV-13-02272-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). Doc. 9. The motion has been fully briefed. Docs. 11, 14, 17.[1] Neither party has requested oral argument. For the reasons stated below, the Court will grant the motion. Plaintiffs' counsel are reminded to follow the Court's local rules on font size in briefs, including in footnotes. *See* LRCiv 7.1(b)(1).

**I.　Background.**

Plaintiff Wanda Perkins is an 84-year-old resident of Arizona who has been in hospice care for almost two years. Doc. 1 at ¶ 8. Defendants Jones and Tabor are Ms. Perkin's adult step-daughters and residents of Michigan and Texas, respectively. *Id*. at ¶ 11. Defendants assert that, in 2002, Ms. Perkins entered into an agreement to provide each of them a 1/6 interest in a life insurance policy on Ms. Perkins' life in exchange for their consent to reform a family trust. Doc. 9 at 3. In 2009, Jones and Tabor sued Ms.

---

[1] Defendants have filed a sur-reply in support of their motion to dismiss based on a newly obtained transcript of Plaintiff Keith Perkins' testimony in his conservatorship hearing. The Court will not consider the sur-reply.

1  Perkins and her son (Keith Perkins, a named plaintiff in this case) in Maricopa County
2  Superior Court to enforce the agreement (hereinafter "state court action"). The state
3  court action asserted claims of fraud, breach of contract, misrepresentation, and
4  fraudulent transfer. Doc. 1 at ¶ 13. Jones and Tabor hired an attorney to represent them
5  in the state court action on a contingency fee basis. The state court action is on-going.

On October 29, 2013, Keith Perkins filed a petition for and was named special limited conservator for Ms. Perkins pursuant to A.R.S. § 46-456(G). Doc. 1 at ¶ 9. In appointing Mr. Perkins as conservator, the Superior Court determined that Ms. Perkins was a vulnerable adult under A.R.S. § 13-3623. The statute defines a vulnerable adult as a person eighteen years of age or older who is unable to protect herself from abuse, neglect, or exploitation by others because of a mental or physical impairment.

On November 6, 2013, Mr. Perkins, as Ms. Perkins' conservator, filed this diversity action in federal court, asserting claims under Arizona's vulnerable adult statute as amended in September of 2013. A.R.S. § 46-456. The statute provides a cause of action against a person "in a position of trust and confidence to a vulnerable adult" who uses the vulnerable adult's assets for any reason other than the benefit of the vulnerable adult. A.R.S. § 46-456. Under the 2013 amendment, a civil action brought by a person in a position of trust and confidence against the vulnerable adult is "presumed not to be for the benefit of the vulnerable adult." *Id.* at § 46-456(I). Plaintiffs allege that Jones and Tabor are in positions of trust and confidence because they are beneficiaries of Ms. Perkins, and that the state court action, which requires Ms. Perkins to expend funds in defense, constitutes a misuse of Ms. Perkins' assets not "solely" for her benefit.

**II.    Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and are insufficient to defeat a motion to

dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.   Analysis.**

Defendants make three arguments in support of their motion to dismiss: (1) the 2013 amendment to the Arizona statute does not apply retroactively to this case, (2) the Court should dismiss this case in deference to the state court action, and (3) this case lacks merit for various reasons. Doc. 9. The Court agrees with the first argument and will not address the others.

Defendants argue that this lawsuit "was triggered by, and would not exist but for, the amendment effective September 2013." Doc. 9 at 6. The 2013 amendment added a new subsection to A.R.S. § 46-456 that includes beneficiaries of a vulnerable adult in the definition of persons in a "position of trust and confidence" with respect to that vulnerable adult. A.R.S. § 46-456(J)(5)(e); 2013 Ariz. Legis. Serv. Ch. 67 (S.B. 1175). The 2013 amendment also added subsection (I) to the statute, which provides that a civil action brought against a vulnerable adult by a person in a position of trust and confidence "is presumed not to be for the benefit of the vulnerable adult unless it is shown otherwise by clear and convincing evidence." A.R.S. § 46-456(I); 2013 Ariz. Legis. Serv. Ch. 67 (S.B. 1175). Plaintiffs do not dispute that their action is based entirely on the 2013 amendment. To the contrary, they argue throughout their response that they could not have brought this action under Arizona law before the statute was amended. *See* Doc. 11.

Defendants argue that the amended statute does not apply to the state court action, and therefore does not give rise to the claim asserted in this case, because the amendment was not explicitly made retroactive as required by A.R.S. § 1-244. Section 1-244 provides that "[n]o statute is retroactive unless expressly declared therein." *See also Gallo v. Indus. Comm'n of Ariz.*, 322 P.2d 372, 375 (Ariz. 1958) ("a statute will have prospective operation only, unless it plainly indicates an intent that it have retroactive effect"). Plaintiffs respond by noting that the amendment specifically provides that

"Section 46-546, Arizona Revised Statutes, as amended by this act, applies to any governing instrument of a vulnerable adult regardless of whether it was executed before the effective date of this act." 2013 Ariz. Legis. Serv. Ch. 67 (S.B. 1175). The Court is not persuaded that this language evinces a clear legislative intent to hold beneficiaries liable for lawsuits they filed before the amendment was enacted.

The language relied on by Plaintiffs states only that the amendment applies to a "governing instrument" regardless of when executed. A plain reading of this language would suggest that the amended statute applies to Mrs. Perkins' trust and any other governing documents in her estate, but such governing documents are not at issue in this lawsuit. This lawsuit seeks to hold Jones and Tabor liable for the act of filing the state court action in 2009 and prosecuting it thereafter. It seeks to identify them as persons in a "position of trust and confidence" with respect to Mrs. Perkins, to invoke a presumption that filing of the state court action violated their duty to Mrs. Perkins, and to hold them liable for attorneys' fees and double damages for breach of their duty. Doc. 1. Because the language of the amendment says nothing about the retroactivity of such a claim, the Court cannot conclude that it satisfies the demanding standard of A.R.S. § 1-244. Had the Arizona legislature intended such a claim to be retroactive, it easily could have said that liability arising under the amended statute applies to actions taken before enactment of the amendment. It did not do so. The Court concludes that the amendment is not retroactive with respect to this lawsuit or the liability it seeks to impose upon Jones and Tabor.[2]

Even if the language of the amendment could be read to attach liability to lawsuits

---

[2] Plaintiffs suggest that the 2013 amendment was drafted and proposed by State Senator Yarborough for the specific purpose of stopping the state court action, and even suggest that the Court solicit testimony from the senator concerning his intent. Doc. 11 n. 1. Plaintiffs cite no authority for the proposition that testimony from a single legislator in subsequent litigation can be used to establish the intent of the Legislature as a whole, and they appear to disregard the ex post facto and bill of attainder issues that would arise if the 2013 amendment was in fact passed to stop the state court action. Plaintiffs also cite language in the amending bill to suggest that the amendment is merely a "clarification" of Arizona law, but they fail to identify what law it clarifies or to explain how it could constitute a clarification of existing law if it was in fact passed in response to the state court action.

1  filed against vulnerable adults before the effective date of the amendment, "[t]hat the
2  Legislature *intended* the statutes to apply retroactively does not end our analysis." *San
3  Carlos Apache Tribe v. Superior Court*, 972 P.2d 179, 189 (Ariz. 1999) (emphasis in
4  original).  A statute may not "attach[] new legal consequences to events completed before
5  its enactment."  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994).  In assessing
6  whether the retroactive application of a statute impermissibly attaches new legal
7  consequences, "familiar considerations of fair notice, reasonable reliance, and settled
8  expectations offer sound guidance."  *Id.*  Under Arizona law, "legislation may not disturb
9  vested substantive rights by retroactively changing the law that applies to completed
10 events."  *Hall v. A.N.R. Freight Sys. Inc.*, 717 P.2d 434, 443 (Ariz. 1986).  A vested right
11 "is actually assertable as a legal cause of action or defense or is so substantially relied
12 upon that retroactive divestiture would be manifestly unjust."  *Id.* at 444.

13      The rights that would be affected by a retroactive application of the 2013
14 amendment are those of Jones and Tabor to sue for enforcement of the 2002 contract.
15 When the state court action was brought in 2009, Arizona law did not provide that Jones
16 and Tabor were persons "in a position of trust and confidence" with respect to Mrs.
17 Perkins, that the filing of the state court action was presumed to be a violation of their
18 duties, or that they could be held liable for attorneys' fees and double damages for
19 bringing the state court action.  Those concepts arose from the 2013 amendment.  Thus,
20 there can be no doubt that the 2013 amendment would disturb vested substantive rights if
21 applied in this case, and that it therefore cannot be applied retroactively.

22      **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 9) is **granted**.  The
23 Clerk is directed to terminate this action.

24      Dated this 30th day of January, 2014.

_____
David G. Campbell
United States District Judge